**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1117-18T3

IN THE MATTER OF
MODESTO MIRANDA,
    Deceased.

_____

Argued September 18, 2019 – Decided September 25, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000102-18.

Joanna R. Adu argued the cause for appellant Victor Miranda (Lyons & Associates, PC, attorneys; Joanna R. Adu, on the briefs).

Colin M. Quinn argued the cause for respondent Maria Miranda.

PER CURIAM

In this will contest matter, plaintiff Victor Miranda appeals from the

Chancery Division's September 26, 2018 order dismissing his complaint which

sought to set aside the last will and testament of his father, Modesto Miranda,[1] and revoke the letters testamentary issued to his sister, defendant Maria Miranda, as the executrix of Modesto's estate. In his cogent written decision, Judge James J. DeLuca found that plaintiff's complaint was untimely under Rule 4:85-1 because plaintiff did not file it within four months after Modesto's will was probated. The judge also determined that plaintiff failed to establish exceptional circumstances under Rule 4:50-1(f) to warrant reopening the judgment admitting Modesto's will to probate, or the relaxation of the Rule 4:85-1 time limitations.

On appeal, plaintiff raises the following contentions:

> I.    THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO FIND A GENUINE ISSUE OF MATERIAL FACT.
>
> A.    THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT PLAINTIFF RECEIVED ACTUAL NOTICE.
>
> B.    THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT PLAINTIFF DID NOT ESTABLISH EXCEPTIONAL CIRCUMSTANCES WARRANTING RELIEF PURSUANT TO RULE 4:50-1.

---

[1] Because the plaintiff and defendant share the same name as their deceased father, we refer to the decedent as "Modesto" in this opinion. In doing so, we intend no disrespect.

II. THE CIRCUMSTANCES IN THIS CASE WARRANT RELAXATION OF THE TIME LIMITATION SET FORTH IN RULE 4:85-1, PURSUANT TO RULE 1:1-2(a).

We conclude that plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by Judge DeLuca in his thoughtful written decision that thoroughly addressed plaintiff's claims.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1117-18T3